JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
ALEXANDRA SLOAN KELLY (Cal. Bar No. 305811)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5010
    Facsimile: (213) 894-0141
    E-mail:  alexandra.kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:23-CR-324-GW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ALEJANDRO CALVILLO TRUJILLO |
| v. | |
| ALEJANDRO CALVILLO TRUJILLO, | |
| Defendant. | |

1. This constitutes the plea agreement between ALEJANDRO CALVILLO TRUJILLO ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count indictment in United States v. Alejandro Calvillo Trujillo, CR No.

2:23-CR-000324-GW, which charges defendant with attempted re-entry into the United States following deportation or removal in violation of 8 U.S.C. §§ 1326(a), (b)(2).

    b.   Not contest facts agreed to in this agreement.

    c.   Abide by all agreements regarding sentencing contained in this agreement.

    d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

    g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

    a.   Not contest facts agreed to in this agreement.

    b.   Abide by all agreements regarding sentencing contained in this agreement.

    c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to

U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in the single-count indictment, that is, attempted re-entry into the United States following deportation or removal in violation of 8 U.S.C. §§ 1326(a), (b)(2), the following must be true: (1) defendant was removed or deported from the United States; (2) defendant had the specific intent to enter the United States free from official restraint; (3) defendant was an alien at the time of the defendant's attempted re-entry into the United States; (4) defendant had not obtained the consent of the Attorney General of the Secretary of the Department of Homeland Security to reapply for admission into the United States; and (5) defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime. Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

5.   Defendant understands that for defendant to be subject to the statutory maximum penalties under 8 U.S.C. § 1326(b)(2), defendant's deportation or removal must have occurred after defendant was convicted of an aggravated felony, namely, the aggravated felony described in paragraph 10 below.

## PENALTIES

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 8, United States

Code, Section 1326(a), where the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2) apply, is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant agrees that the imposition of supervised release is warranted in this case, as authorized under U.S.S.G. § 5D1.1, cmt. n.5. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that the conviction in this case may result in defendant giving up valuable government benefits and civic rights and may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, because defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States

4

citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty and that he is subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2).  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant, a citizen of Mexico, was at all times relevant to this plea agreement, an alien, that is, not a natural-born or naturalized citizen, or national, of the United States.  Defendant was lawfully deported or removed from the United States on or about June 7, 2022.

     Subsequent to defendant's deportation or removal on or about June 7 2022, defendant had the specific intent to enter the United States free from official restraint when defendant knowingly and voluntarily attempted to re-enter the United States by way of panga boat on or about August 20, 2022. The panga boat was intercepted by law enforcements agents in the water off the coast of Malibu, in Los Angeles County, within the Central District of California. Defendant admits that his attempt to re-enter the United States by way of panga boat on or about August 20, 2022 constituted defendant taking a substantial step towards the crime of illegally re-entry into the United States.

     Defendant knew that he attempted to illegally re-enter the United States without the consent of the Attorney General or his designated successor, the Secretary of the Department of Homeland Security, or of any authorized representative of either the Attorney General or that Department, to reapply for admission or to otherwise re-enter and remain in the United States.

     Prior to defendant's deportation or removal, on or about September 9, 2021, defendant was convicted of Lewd and Lascivious Acts on a Child, in violation of California Penal Code § 288(a), an aggravated felony, in the Superior Court of the State of California, County of Merced, Case Number 21CR-02165, for which the sentence imposed was one year imprisonment. This conviction is an aggravated felony provided in 8 U.S.C. Section 1101(a)(43) because it is a crime of sexual abuse of a minor.

SENTENCING FACTORS

    11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing

Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

    12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 8 | [U.S.S.G. § 2L1.2(a)] |
| Felony Conviction Sustained for which the Sentence is Less Than One Year and One Month and Conduct Occurred Before Defendant's Initial Removal Order: | +4 | [U.S.S.G. § 2L1.2(b)(2)(D)] |
| Variance | -4 | |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

    13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

7

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than the range corresponding to an offense level of 6 and the Criminal History Category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than the range corresponding to an offense level of 6 and the Criminal History Category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds

such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>
<u>OFFICE NOT PARTIES</u>

22. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

25. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

JOSEPH T. MCNALLY
Acting United States Attorney

_____     2/19/2025
ALEXANDRA SLOAN KELLY               Date
Assistant United States Attorney

_____     2·18·25
ALEJANDRO CALVILLO TRUJILLO         Date
Defendant

_____     2/19/2025
DAVID MENNINGER                     Date
Deputy Federal Public Defender
Attorney for Defendant ALEJANDRO
CALVILLO TRUJILLO

CERTIFICATION OF DEFENDANT

This agreement has been read to me in Spanish, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering

13

into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*Alejandro.C*                                    2.18.25
ALEJANDRO CALVILLO TRUJILLO                      Date
Defendant

CERTIFICATION OF INTERPRETER

   I, ____Carina Arriola____, am fluent in the written and spoken
                              sight-translated
English and Spanish languages.  I accurately translated this entire agreement from English into Spanish to defendant ALEJANDRO CALVILLO TRUJILLO on this date.

*Carina Arriola*                                 2/18/2025
INTERPRETER                                       Date


CERTIFICATION OF DEFENDANT'S ATTORNEY

   I am ALEJANDRO CALVILLO TRUJILLO's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

14

To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

/s/ David Menninger                                      2/19/2025

DAVID MENNINGER                                          Date
Deputy Federal Public Defender
Attorney for Defendant ALEJANDRO
CALVILLO TRUJILLO